MARY McCABE, Respondent, *v.* MANHATTAN ELEVATED RAILWAY COMPANY, Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Negligence. Question of fact.*—In an action for personal injuries, where there is a conflict of evidence, the question as to which of two alleged causes was the proximate cause of the injury should be submitted to the jury.

2. *Trial. Charge. Burden of proof.*—The charge, in such case, that the defendant, if the starting of the train would not have caused the accident, had it not been for the attempt of a third person to jump on board of the train, would not be liable, does not cast upon the defendant the burden of showing which of two causes was the proximate cause of the injury, where other parts of the charge inform the jury that they shall find for the defendant, unless the starting of the train was the proximate cause.

3. *Negligence. Proximate cause.*—In such action, the defendant is liable only for the proximate results of his own negligent acts.

4. *Same.*—No recovery can be had, where the accident was caused by the act of a third party.

Appeal from a judgment entered on a verdict.

*Austen G. Fox,* for appellant.

*Abnert E. Thomas,* for respondent.

VAN BRUNT, P. J.—The main questions involved in this appeal are embraced in the decision of the case of Weiler *v.* The Same Defendant (*ante*), decided herewith.

There are one or two points, however, in the case at bar, which distinguish it from the Weiler Case and it will be necessary to consider those points in the disposition of this appeal.

It is claimed upon the part of the defendant that from the nature of the evidence offered upon the trial it was im-

possible for the jury to determine whether the plaintiff was caused to fall by the starting of the train or whether such fall was caused by the fact of some person, trying to board that train, pushing off those persons upon the sidewalk as the train moved along.

In denying the motion to dismiss, and also in charging the jury, the learned court said that if the accident resulted from this latter cause no recovery could be had, but that there was evidence sufficient to submit the case to the jury upon the question as to whether the moving of the train was not the proximate cause of the injury.

In support of the proposition urged upon the part of the appellant, it is said that the uncontradicted evidence showed that the proximate cause was the deliberate act of some one who, trying to resume his journey by boarding the train, struck those on the sidewalk, knocked some of them off, and caused the panic which resulted in the fall of others. In this statement the learned counsel has entirely ignored the evidence of the witness, John Kellier, who was examined on the part of the plaintiff and who stood directly behind McCabe at the time he fell. If his evidence is true, it is clear that the accident did not happen in the way claimed upon the part of the defendant, but that it was caused by the moving of the train, and by the pressure outwards of the persons upon the walk, resulting from the moving of the train.

This evidence presented a clear question to the jury for their consideration, and if they believed the evidence of Kellier (who testified distinctly that it was the moving of the train that threw McCabe off ; that he was behind him and consequently he could not have been struck by anybody seizing upon the gate of the car, which is not pretended) they would be fully justified in finding the fact to be that the moving of the train was the proximate cause of the accident, and there was no such deficiency of evidence upon this point as would justify the court in taking the

case from the jury upon the ground that there was no evidence upon which they could determine that the proximate cause of the fall was the moving of the train.

Our attention is also called to an error which it is claimed the learned judge made in his charge, whereby the defendant was damnified, in that a burden was placed upon it which it was not legally bound to bear; and it is urged that the learned court charged that unless the jury found that the starting of the train, under all the circumstances, would not have caused the injury, and would not have resulted in throwing these people off, had it not been for the attempt of this person to jump on board, and that he, by being thrown against people on the board walk, caused this injury, and without that affirmative act on his part the plaintiff would not have been hurt, then the defendant was not liable, and that thereby the burden was thrown upon the defendant of showing which of the two causes was the proximate cause of the accident, shifting from the plaintiff the duty of establishing to the jury that the moving of the train was such proximate cause.

This portion of the charge was not excepted to in the first place. The attention of the learned court was not called to the proposition in any way; and it further appears from the other portion of the charge directly in connection with this paragraph that the jury were distinctly instructed that unless they found that the starting of the engine was the proximate cause, the defendant was entitled to a verdict. The judge said: "Of course the defendant is only liable for the proximate results of his own negligent act (referring to the engineer), and unless you are satisfied that the starting of the engine was what caused the injury, then the plaintiff is not entitled to recover, and the defendant is not liable." And then he goes on and makes use of the language to which attention has already been called, showing that, taking the whole charge together, there was no intention to have the jury understand that if they did not find that the

moving of the train was the proximate cause of the accident the plaintiff could, under any circumstances, recover; and, if the court made a slip of the tongue, it certainly was not of that character which called itself to the attention of the astute counsel who was trying the case for the defendant, and consequently did not probably make much impression upon the jury. There seem to be no grounds which would justify a reversal of the judgment in this case, and it should accordingly be affirmed, with costs.

All concur.